# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Jonathan Whitt, David Vartabedian, Robert B. Penley, Erie Insurance Group, Penley Auto, LLC, Konnor Grainger, and Cassandra D. Helmandollar, | (Declaratory Judgment Action) (Non-Jury) |
| Defendants. | |

The Plaintiff above-named complaining of the Defendants herein would respectfully show unto this Court:

## PARTIES AND JURISDICTION

1. State Farm Mutual Automobile Insurance Company is an insurance company organized and existing under the laws of the state of Indiana with its principal place of business in Indiana. State Farm is authorized to issue insurance policies in the state of North Carolina and does so.

2. The Plaintiff is informed and beliefs that the Defendants, Jonathan Lee Whitt and David Vartabedian, are citizens and residents of Horry County, South Carolina.

3. The Defendant, Robert Bradley Penley, is upon information and belief, a citizen and resident of Germanton, North Carolina.

4. Penley Auto, LLC., is upon information and belief a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North

Carolina.

5. Konnor Grainger is upon information and belief a citizen and resident of Harmony, North Carolina. Cassandra D. Helmandollar is upon information and belief a citizen and resident of North Carolina.

6. Erie Insurance Group is an insurance company organized and existing under the laws of the State of Pennsylvania with its office and principal place of business in Pennsylvania.

7. Erie Insurance Company is authorized to issue insurance policies in the State of North Carolina and does so.

8. The Plaintiff issued automobile liability insurance policies to Robert B. Penley with liability coverage in the amount of $30,000 per person $60,000 per accident in bodily injury coverage and $25,000 in property damage coverage. On or about July 29, 2022, Jonathan Whitt and David Vartabedian were involved in an automobile/motorcycle accident with Robert B. Penley in Horry County, South Carolina and each assert that he was injured. Furthermore, Konnor Grainger and Cassandra D. Helmandollar were passengers in the vehicle driven by Robert Penley at the time of the automobile/motorcycle accident and may make claims for bodily injury and/or property damage against Robert B. Penley. State Farm's potential exposure is $85,000.

9. Upon information and belief, Erie Insurance Company issued a business policy to Penley Auto, LLC., which is a used car dealership.

10. The Plaintiff is informed and believes that the policy of insurance issued by Erie Insurance Company to Penley Auto, LLC., is a single limits policy with $100,000 in liability coverage that provides coverage for any injuries or damages allegedly sustained by Jonathan Whitt, David Vartabedian, Konnor Grainger and/or Cassandra D. Helmandollar as a result of the

July 29, 2022 automobile/motorcycle accident. Thus, Erie Insurance Company's potential exposure is $100,000.

11.     There is diversity among the parties and the amount of controversy exceeds the jurisdictional minimum; thus, this Court has jurisdiction based on 28 U.S.C. §1332.

12.     This Court has authority under 28 U.S.C. §2201 and Rule 57 of Federal Rules of Civil Procedure to adjudicate the rights and legal relations of the parties based on allegations set forth herein.

**FACTS**

13.     Defendants, Jonathan Whitt and David Vartabedian, have made claims against the Defendant, Robert B. Penley, as a result of injuries they allegedly sustained in a July 29, 2022 automobile/motorcycle accident which occurred in Horry County, South Carolina. Konnor Grainger and Cassandra D. Helmandollar may make claims against Robert B. Penley for injuries and/or damages allegedly sustained in the July 29, 2022 automobile/motorcycle accident.

14.     State Farm Mutual Automobile Insurance Company issued six (6) policies of automobile liability insurance to Robert B. Penley and/or residents of Robert B. Penley's household covering thirteen (13) vehicles which were in full force and effect on July 29, 2022. The complete list of policies is attached as Exhibit A. For each policy, Exhibit A contains a list of the named insured, the vehicles insured, the policy number, the policy form and the applicable endorsement(s) to each policy. The Declarations Page for each policy is are attached hereto as Exhibit B. All of the policies listed on Exhibit A contain the identical policy form which is attached as Exhibit C. The endorsements to the various policies are attached as Exhibits D, E, F, G, H and I. Not all endorsements apply to all of the State Farm policies listed on Exhibit A. The

Declaration Pages attached as Exhibit B set forth which endorsements apply to which policies. The seventh policy listed on Exhibit A insures a 2005 Northwood 19B Artic Travel Trailer owned by Robert Penley and provides no liability insurance coverage (see Declaration Page attached as Exhibit J).

15. Penley Auto, LLC is a used car dealership. Upon information and belief, Erie Insurance Company issued a business policy that provides liability insurance coverage for the vehicles owned by Penley Auto, LLC.

16. Upon information and belief, Penley Auto, LLC, a used car dealership, purchased the 2007 Ford Mustang on April 1, 2022.

17. The Plaintiff is informed and believes that the Defendant Robert Penley was attempting to sell the 2007 Mustang on July 29, 2022.

18. At the time of the July 29, 2022 automobile accident, Robert Bradley Penley was driving the 2007 Mustang that was owned by Penley Auto, LLC and insured by Erie Insurance Company. He was involved in an accident with motorcycles driven by Jonathan Whitt and David Vartabedian. Konnor Grainger and Cassandra D. Helmandollar were passengers in the vehicle driven by Robert Bradley Penley at the time of the July 29, 2022 automobile/motorcycle accident. The automobile/motorcycle accident occurred in Horry County, South Carolina.

19. The Plaintiff was never asked to insure the 2007 Mustang.

20. The policies of insurance issued by State Farm to Robert B. Penley and/or residents of his household which were in full force and effect on July 29, 2022 at the time of the automobile/motorcycle accident provide in pertinent part the following:

**POLICY FORM 9833P.8** [1]

## DEFINITIONS

**"Family member"** means a person related to you by blood, marriage or adoption who is a resident of your household.  This includes a ward or foster child.

**"Your covered auto"** means:
1. Any vehicle shown in the Declarations.
2. A **newly acquired auto**.
3. Any **trailer** you own.
4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

This provision (4.) does not apply to Part D – Coverage For Damage To Your Auto.

## PART A – LIABILITY COVERAGE

**INSURING AGREEMENT**
We will pay damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident.
We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

"**Insured**" as used in this Part means:
1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
2. Any person using **your covered auto**.
3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or **trailer**, other than **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part.  This provision applies only if the person or organization does not own or hire the auto or **trailer**.

---

[1]     This policy form applies to all 7 policies issued by State Farm.  See Exhibit C.

**EXCLUSIONS**
A.      We do not provide liability coverage for any insured:

6.      While employed or otherwise engaged in the **business** of:
      a.      selling;
      b.      repairing;
      c.      servicing;
      d.      storing; or
      e.      parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:
      a.      you;
      b.      any **family member**; or
      c.      any partner, agent or employee of you or any **family member**.

This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

**LIMIT OF LIABILITY**
The limit of liability shown in the Declarations for each person for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:
1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

**OTHER INSURANCE**
If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## 6878TT JOINT OWNERSHIP ENDORSEMENT [2]

### LIABILITY COVERAGE

Part A is amended as follows:
The definition of **insured** is replaced by the following:
**Insured** as used in this Part means:
1. You or any **family member** while all named insureds reside in the same household, for the ownership, maintenance or use of any auto or **trailer**.
2. Any person using **your covered auto**.
3. For **your covered auto**, any person or organization, but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or **trailer**, other than **your covered auto**, any person or organization, but only with respect to legal responsibility for acts or omissions of an **insured** described in 1. Above for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer**.

## AMENDATORY ENDOREMENT 6933A.6 [3]

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.
1. **DEFINITIONS**
    A. The definition of "**newly acquired auto**" is amended as follows:
       "**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:
       1. a private passenger auto or station wagon type; or
       2. a pickup truck or van that:
          a. has a Gross Vehicle Weight as specified by the manufacturer of less than 14,000 pounds; and
          b. is not used for the delivery or transportation of goods and materials unless such use is:
             (1) incidental to your **business** of installing, maintaining or repairing, furnishings or equipment; or
             (2) for farming or ranching.
       Any coverage for a **newly acquired auto** is subject to the following:
       1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it

---

[2]  Endorsement 6878TT Joint Ownership is not a part of policies 466 2404-A11-33, 403 2886-A07-33M, and 464 6080-F07-33.
[3]  Endorsement 6933A.6 applies to all 7 State Farm policies.

        replaced except that coverage, if any, under Part D – Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2.      If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3.      Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its declarations page.

4.      If you ask us to insured a **newly acquired auto** within the applicable specified time period described in 1. or 2. above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the newly acquired auto will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto**.

21.    The following coverage issues have been raised:

a.    Do any of the automobile liability insurance policies issued by State Farm to Robert B. Penley and/or his resident relatives on their personal vehicles provide any liability insurance coverage for the 2007 Ford Mustang owned by Penley Auto, LLC and driven by Robert B. Penley for any injuries and/or damages allegedly sustained by Jonathan Whitt, David Vartabedian, Cassandra D. Helmandollar, or Konnor Grainger as a result of the July 29, 2022 automobile/motorcycle accident whether denominated as primary or excess liability insurance coverage?

b.    Do any of the automobile liability insurance policies issued by State Farm to Robert Penley and/or his resident relatives provide any liability insurance coverage for the 2007 Ford

Mustang owned by Penley Auto, LLC and driven by Robert B. Penley at the time of the July 29, 2022 automobile/motorcycle accident?

  c. Is the 2007 Ford Mustang owned by Penley Auto, LLC and driven by Robert B. Penley at the time of the July 29, 2022 automobile/motorcycle accident a non-owned vehicle pursuant to the definitions found in the policies of insurance issued by State Farm to Robert B. Penley and/or the resident relatives of his household?

  d. Is the 2007 Ford Mustang owned by Penley Auto, LLC and driven by Robert B. Penley at the time of the July 29, 2022 automobile/motorcycle accident a temporary substitute vehicle pursuant to the definitions found in the policies of insurance issued by State Farm to Robert B. Penley and/or the resident relatives of his household?

  e. Is the 2007 Ford Mustang owned by Penley Auto, LLC and driven by Robert B. Penley at the time of the July 29, 2022 automobile/motorcycle accident a newly acquired vehicle pursuant to the definitions found in the policies of insurance issued by State Farm to Robert B. Penley and/or the resident relatives of his household?

  f. Is the 2007 Ford Mustang owned by Penley Auto, LLC excluded from liability coverage pursuant to paragraph 6 of the Exclusions found in Policy Form 9833P.8?

  22. The Plaintiff is informed and believes that it is entitled to a declaration by this Court as to whether or not any liability policy issued by State farm to Robert B. Penley and/or any resident relative of his household provides liability insurance coverage to Robert B. Penley for the injuries and/or damages allegedly sustained to Jonathan Whitt, David Vartabedian, Cassandra D. Helmandollar and/or Konnor Grainger and whether or not the Plaintiff has a duty to defend and/or a duty to indemnify Robert Bradley Penley for any injuries and/or damages allegedly sustained by

Jonathan Whitt, David Vartabedian, Cassandra D. Helmandollar, or Konnor Grainger in the July 29, 2022 automobile accident.

WHEREFORE, having fully set forth its Complaint, the Plaintiff prays that this Court look into the issues presented and make a determination as to whether or not any automobile liability insurance policy issued by State Farm to Robert Bradley Penley and/or any resident relatives of his household provides liability insurance coverage to the Defendant, Robert Bradley Penley, for the injuries and/or damages allegedly sustained by Jonathan Whitt, David Vartabedian, Cassandra D. Helmandollar, and/or Konnor Grainger and more specifically does State Farm have any duty to defend or indemnify Robert Bradley Penley for any bodily injury or property damage claims arising out of the July 29, 2022 automobile/motorcycle accident and for such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Conway, South Carolina | THOMPSON & HENRY, P.A. |
| March 8, 2023 | s/Linda Weeks Gangi |
| | Linda Weeks Gangi, Esquire |
| | PO Box 1740 |
| | Conway, SC 29528-1740 |
| | (843) 248-5741 |
| | lgangi@thompsonlaw.com |
| | Federal ID No.: 2028 |
| | Attorney for the Plaintiff |
| | |
| | s/S. Ashley Gwin |
| | S. Ashley Gwin |
| | PO Box 1740 |
| | Conway, SC 29528-1740 |
| | (843) 248-5741 |
| | agwin@thompsonlaw.com |
| | Federal ID No.: 11409 |
| | Attorney for the Plaintiff |